UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICKOLAUS CORDELL BRISTOL,

Plaintiff,

Case No. 26-cv-10456
Hon. Matthew F. Leitman

v.

ROCKY HENSLEY,

Defendant.

______________________________________/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Nickolaus Cordell Bristol is state inmate in the custody of the Michigan Department of Corrections. On February 10, 2026, Bristol filed a Complaint in this Court under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Bristol claims that Defendant Rocky Hensley, the Jail Deputy at the Genesee County Jail, violated his right to access the courts and tampered with his legal mail. (*See id*.) For the reasons explained below, the Court **SUMMARILY DISMISSES** Bristol's Complaint for failing to state a legally cognizable claim.

**I**

On March 19, 2026, Magistrate Judge David R. Grand granted Bristol *in forma pauperis* status in this action. (*See* Order, ECF No. 6.) Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in*

*forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

*Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

**II**

In his Complaint, Bristol says that he was called out by Defendant Hensley on or about October 2, 2025, to "sign a log form stating that [he] received [his] legal mail." (Compl., ECF No. 1, PageID.7.) Bristol requested to be present during the opening and copying of his legal mail. At that time, he received a letter from the United States District Court. (*See id*.) However, when Hensley provided him a copy of the letter, "multiple sections" of the letter were illegible. (*Id.*) Bristol confronted Hensley about the issue and Hensley said that he had shredded the original copies of the letter so they could not be recopied. (*See id.*) Bristol says that as a result of not being able to read the letter, he was not able to respond to the district court. (*See id*.) In his Complaint, Bristol brings First Amendment claims against Hensley asserting (1) denial of access to the courts and (2) inference with legal mail. (*See id*.)

**III**

**A**

The Court has reviewed Bristol's Complaint and concludes that he has not stated any viable claims against Hensley. The Court begins with Bristol's claim that Hensley violated his right to access the courts by shredding the original copy of the district court's letter and failing to provide Bristol a legible copy of that letter. (*See* Compl., ECF No. 1, PageID.7.) Under the First Amendment, prisoners have a well-established constitutional right of access to the courts, *see Lewis v. Casey*, 518 U.S. 343, 350 (1996), which "extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Such a claim, however, requires Bristol to demonstrate four elements: (1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) substantial prejudice to the underlying claim that cannot be remedied by the court; and (4) a request for relief which is now otherwise unattainable. *See Jackson v. City of Cleveland*, 64 F.4th 736, 746 (6th Cir. 2023).

Here, Bristol has failed to meet the required elements of a First Amendment access-to-courts claim. He has not alleged any facts suggesting that the failure to provide a legible copy of the district court's letter injured his pursuit of a non-frivolous legal claim. Moreover, because he has not identified an underlying cause

of action, he cannot show substantial prejudice. For these reasons, Bristol has failed to state an access-to-courts claim.

**B**

The Court next turns to Bristol's claims that Hensley tampered with his legal mail. The First Amendment protects an inmate's right to receive mail, including legal mail. *See Muhammad v. Pitcher*, 35 F.3d 1081, 1084-85 (6th Cir. 1994) (citing *Knop v. Johnson*, 977 F.2d 966, 1012 (6th Cir. 1992)). "The determination of whether particular kinds of correspondence qualify for the constitutional protection accorded a prisoner's 'legal mail' is a question of law properly decided by the court[.]" *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003).

Bristol has failed to state a cognizable First Amendment claim arising out of the alleged tampering with his legal mail. At least three circuit courts of appeal have held that "an isolated, inadvertent instance of opening incoming confidential legal mail [does not] support a § 1983 damage action" and that "an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (citing *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990) and *Morgan v. Montanye,* 516 F.2d 1367, 1370–71 (2d Cir. 1975)). And the Sixth Circuit has reached the same conclusion. *See Smith v. Goostrey*, No. 23-1025, 2023 WL 5024659, at *3 (6th Cir.

Aug. 4, 2023) (explaining that a "single incident" of tampering with a prisoner's legal mail was a "limited and isolated event" that did "not rise to the level of a constitutional violation"); *Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) (holding that "district court properly granted summary judgment to the defendants on [prisoner's] claim that they improperly withheld a copy of the *Georgetown Law Review*" that was mailed to him where prisoner "at most, set forth isolated instances of interference with prisoners' mail and only one instance that affected him. This random and isolated interference with [his] mail did not violate his constitutional rights"). Here, Bristol alleges that Hensley mishandled his incoming legal mail on a single, isolated occasion. (*See* Compl., ECF No. 1, PageID.7.) And he has not pleaded any specific prejudice that he suffered in his underlying district court case from his inability to read parts of the district court's letter.[1] Finally, he has not pleaded any facts that could support a finding that Hensley acted with an improper motive. For all of these reasons, Bristol's allegations are insufficient to set forth any constitutional claims premised upon the interference with his incoming legal mail.

[1] Nor has Bristol indicated that he asked the district court to resend him the letter because his copy of the letter was illegible.

**IV**

Because Bristol has failed to state a legally cognizable claim against Hensley, the Court **DISMISSES WITH PREJUDICE** Bristol's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 11, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126