UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICKOLAUS CORDELL BRISTOL,

Plaintiff,

Case No. 26-cv-10456
Hon. Matthew F. Leitman

v.

ROCKY HENSLEY,

Defendant.

______________________________________________________________/

**ORDER (1) VACATING JUDGMENT (ECF No. 11); (2) GRANTING CORRECTED EX PARTE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 15); AND (3) DEEMING PROPOSED AMENDED COMPLAINT TO BE FILED**

Plaintiff Nickolaus Cordell Bristol is a state inmate in the custody of the Michigan Department of Corrections. On February 10, 2026, Bristol filed a Complaint in this Court under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Bristol claimed in that pleading that Defendant Rocky Hensley, the Jail Deputy at the Genesee County Jail, violated his right to access the courts and tampered with his legal mail. (*See id.*) On August 11, 2026, the Court entered an order summarily dismissing Bristol's Complaint on the ground that Bristol failed to state a claim on which relief could be granted. (*See* Order, ECF No. 10.) That same day, the Court entered judgment against Bristol. (*See* Judgment, ECF No. 11.)

The Court explained the basis for dismissing Bristol's Complaint as follows:

> In his Complaint, Bristol says that he was called out by Defendant Hensley on or about October 2, 2025, to "sign a log form stating that [he] received [his] legal mail." (Compl., ECF No. 1, PageID.7.) Bristol requested to be present during the opening and copying of his legal mail. At that time, he received a letter from the United States District Court. (*See id*.) However, when Hensley provided him a copy of the letter, "multiple sections" of the letter were illegible. (*Id.*) Bristol confronted Hensley about the issue and Hensley said that he had shredded the original copies of the letter so they could not be recopied. (*See id.*) Bristol says that as a result of not being able to read the letter, he was not able to respond to the district court. (*See id*.) In his Complaint, Bristol brings First Amendment claims against Hensley asserting (1) denial of access to the courts and (2) inference with legal mail. (*See id*.)
>
> ***
>
> The Court has reviewed Bristol's Complaint and concludes that he has not stated any viable claims against Hensley. The Court begins with Bristol's claim that Hensley violated his right to access the courts by shredding the original copy of the district court's letter and failing to provide Bristol a legible copy of that letter. (*See* Compl., ECF No. 1, PageID.7.) Under the First Amendment, prisoners have a well-established constitutional right of access to the courts, *see Lewis v. Casey*, 518 U.S. 343, 350 (1996), which "extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Such a claim, however, requires Bristol to demonstrate four elements: (1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) substantial prejudice to the underlying claim that cannot be remedied by the court; and (4) a request for relief which is now otherwise unattainable. *See Jackson v. City of Cleveland*, 64 F.4th 736, 746 (6th Cir. 2023).

Here, Bristol has failed to meet the required elements of a First Amendment access-to-courts claim. He has not alleged any facts suggesting that the failure to provide a legible copy of the district court's letter injured his pursuit of a non-frivolous legal claim. Moreover, because he has not identified an underlying cause of action, he cannot show substantial prejudice. For these reasons, Bristol has failed to state an access-to-courts claim.

***

The Court next turns to Bristol's claims that Hensley tampered with his legal mail. The First Amendment protects an inmate's right to receive mail, including legal mail. *See Muhammad v. Pitcher*, 35 F.3d 1081, 1084-85 (6th Cir. 1994) (citing *Knop v. Johnson*, 977 F.2d 966, 1012 (6th Cir. 1992)). "The determination of whether particular kinds of correspondence qualify for the constitutional protection accorded a prisoner's 'legal mail' is a question of law properly decided by the court[.]" *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003).

Bristol has failed to state a cognizable First Amendment claim arising out of the alleged tampering with his legal mail. At least three circuit courts of appeal have held that "an isolated, inadvertent instance of opening incoming confidential legal mail [does not] support a § 1983 damage action" and that "an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (citing *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990) and *Morgan v. Montanye,* 516 F.2d 1367, 1370–71 (2d Cir. 1975)). And the Sixth Circuit has reached the same conclusion. *See Smith v. Goostrey*, No. 23-1025, 2023 WL 5024659, at *3 (6th Cir. Aug. 4, 2023) (explaining that a "single incident" of tampering with a prisoner's legal mail was a "limited and isolated event" that did "not rise to the level of a constitutional violation"); *Johnson v. Wilkinson*,

> No. 98-3866, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) (holding that "district court properly granted summary judgment to the defendants on [prisoner's] claim that they improperly withheld a copy of the *Georgetown Law Review*" that was mailed to him where prisoner "at most, set forth isolated instances of interference with prisoners' mail and only one instance that affected him. This random and isolated interference with [his] mail did not violate his constitutional rights"). Here, Bristol alleges that Hensley mishandled his incoming legal mail on a single, isolated occasion. (*See* Compl., ECF No. 1, PageID.7.) And he has not pleaded any specific prejudice that he suffered in his underlying district court case from his inability to read parts of the district court's letter.[] Finally, he has not pleaded any facts that could support a finding that Hensley acted with an improper motive. For all of these reasons, Bristol's allegations are insufficient to set forth any constitutional claims premised upon the interference with his incoming legal mail.

(Order, ECF No. 10, PageID.43-45; internal footnote omitted.)

Bristol now seeks leave to amend his Complaint to attempt to cure the deficiencies identified by the Court. He has filed both a "Corrected" motion for leave to file a First Amended Complaint and a proposed "Corrected" First Amended Complaint.[1] (*See* Mot., ECF No. 15; Proposed First Am. Compl., ECF No. 15-1.)

---

[1] Bristol currently has three motions pending before the Court: (1) "Plaintiff's Ex Parte Motion for Leave to Amend Complaint" (ECF No. 12); (2) "(Corrected) Plaintiff's Ex Parte Motion for Leave to Amend Complaint (ECF No. 14); and (3) "Corrected Motion and Corrected Proposed First Amended Complaint" (ECF No. 15.) Because docket fifteen is Bristol's most-recent filing, and because it both incorporates all of his previous arguments and is the only filing to include a proposed Amended Complaint, the Court will consider that filing as the operative motion

The Court has reviewed the proposed First Amended Complaint and concludes that Bristol has sufficiently addressed the deficiencies identified by the Court such that the amended pleading is not subject to summary dismissal and should be served on the Defendants.[2] Accordingly, the Court **GRANTS** Bristol's corrected motion seeking leave to amend. And the Court **DEEMS** his proposed First Amended Complaint to be filed and to be the operative pleading in this action.

The Court recognizes that because the Court previously entered judgment against Bristol, his request for leave to amend is not judged under the usual liberal standard of Federal Rule of Civil Procedure 15. As another Judge of this Court has explained:

> According to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although the rule embodies a liberal amendment policy, leave to amend may be appropriately denied "when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead

---

seeking leave to amend. The Court therefore **TERMINATES AS MOOT** Bristol's other pending motions.

[2] Bristol adds two Defendants in his proposed First Amended Complaint.

> of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Accordingly, to be granted leave to amend a complaint following the entry of judgment in favor of a defendant, a plaintiff must identify "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Veasley v. Fed. Nat. Mortg. Ass'n*, 623 F. App'x 290, 298, n. 4 (6th Cir. 2015) (quoting *Crouch*, 720 F.3d at 345) (holding that the plaintiff's request for leave to amend his complaint following the entry of summary judgment in defendant's favor did not meet the Rule 59(e) standard and was also properly denied as futile). The court has already held that Plaintiffs do not meet the standard under Rule 59(e). As the Sixth Circuit has explained,
>
>> 'In the post-judgment context, we must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation.' Balancing these interests requires a court to 'be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment.'
>
> *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (quoting *Morse v. McWhorter*, 290 F. 3d 795, 800 (6th Cir. 2002)).

*Wilson v. 5 Choices, LLC*, No. 16-10659, 2018 WL 10611694, at *2–3 (E.D. Mich. Mar. 30, 2018), *aff'd,* 776 F. App'x 320 (6th Cir. 2019).

The Court believes that allowing leave to amend is warranted even under this more demanding standard. As an initial matter, the Court may have erred in

dismissing Bristol's Complaint without offering him an opportunity for leave to amend. *See Bass v. Keebaugh*, No. 24-1780, 2025 WL 2945894, at *5 (6th Cir. Oct. 17, 2025). Moreover, granting leave to amend will not unduly prejudice the Defendants. Finally, Bristol was justified in not seeking leave to amend because he was not on notice that his Complaint was subject to dismissal. For all of these reasons, the Court will grant Bristol leave to proceed on his First Amended Complaint.[3]

Accordingly, **IT IS HEREBY ORDERED** as follows:

- The Judgment entered by the Court (ECF No. 11) is **VACATED**;
- Bristol's Corrected motion seeking leave to file a First Amended Complaint (ECF No. 15) is **GRANTED**; and
- Bristol's proposed First Amended Complaint (ECF No. 15-1) is **DEEMED FILED** and shall be served on Defendants.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2026

[3] While the Court concludes that Bristol's First Amended Complaint is sufficient to survive preliminary screening, the Court expresses no opinion as to whether the First Amended Complaint is sufficient to withstand a properly-supported motion to dismiss for failure to state a claim. If Defendants file such a motion, the Court will carefully review it (along with Bristol's response) and will determine whether the First Amended Complaint survives.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 29, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126